UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

STEVEN TODD THOMPSON,

                Petitioner,

vs.

RANDY BLADES,

                Respondent.

Case No. 1:13-cv-00101-EJL

**MEMORANDUM DECISION AND
ORDER**

Pending before the Court is Steven Todd Thompson's Petition for Writ of Habeas
Corpus, asserting that his constitutional rights were violated when the State required him
to forfeit 1,106 days of parole time, after three separate revocations of parole and
subsequent incarcerations. (Dkt. 1.) Respondent has filed a response to the Petition (Dkt.
13) and lodged additional state court records (Dkt. 14), and Petitioner has filed a Reply
(Dkt. 15). The federal Petition is now fully briefed. Having reviewed the record in this
matter, including the state court record, the Court finds that oral argument is unnecessary
and enters the following Order.

# REVIEW OF PETITION FOR WRIT OF HABEAS CORPUS

## 1.    Standard of Law

Federal habeas corpus relief may be granted on claims adjudicated on the merits in a state court judgment when the federal court determines that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under § 2254(d), as amended by the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal habeas relief is further limited to instances where the state court's adjudication of the petitioner's claim:

> 1.    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2.    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.[1]

28 U.S.C. § 2254(d). A federal habeas court reviews the state court's "last reasoned decision" in determining whether a petitioner is entitled to relief. *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991).

Where a petitioner contests the state court's legal conclusions, including application of the law to the facts, § 2254(d)(1) governs. That section consists of two alternative tests: the "contrary to" test and the "unreasonable application" test.

Under the first test, a state court's decision is "contrary to" clearly established federal law "if the state court applies a rule different from the governing law set forth in

---

[1] A state court need not "give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington v. Richter*, 131 S.Ct. 770, 785 (2011).

[the Supreme Court's] cases, or if it decides a case differently than [the Supreme Court] [has] done on a set of materially indistinguishable facts." *Bell v. Cone*, 535 U.S. 685, 694 (2002).

Under the second test, to satisfy the "unreasonable application" clause of § 2254(d)(1) the petitioner must show that the state court—although identifying "the correct governing legal rule" from Supreme Court precedent—nonetheless "unreasonably applie[d] it to the facts of the particular state prisoner's case." *Williams (Terry) v. Taylor*, 529 U.S. 362, 407 (2000). "Section 2254(d)(1) provides a remedy for instances in which a state court unreasonably *applies* [Supreme Court] precedent; it does not require state courts to extend that precedent or license federal courts to treat the failure to do so as error." *White v. Woodall*, 134 S. Ct. 1697, 1706 (2014).

A federal court cannot grant habeas relief simply because it concludes in its independent judgment that the state court's decision is incorrect or wrong; rather, the state court's application of federal law must be objectively unreasonable to warrant relief. *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003); *Bell*, 535 U.S. at 694. If fairminded jurists could disagree on the correctness of the state court's decision, then relief is not warranted under § 2254(d)(1). *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011). The Supreme Court emphasized that "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (internal citation omitted).

Though the source of clearly established federal law must come only from the holdings of the United States Supreme Court, circuit precedent may be persuasive authority for determining whether a state court decision is an unreasonable application of

Supreme Court precedent. *Duhaime v. Ducharme*, 200 F.3d 597, 600-01 (9th Cir. 1999). However, circuit law may not be used "to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that th[e] [Supreme] Court has not announced." *Marshall v. Rodgers*, 133 S. Ct. 1446, 1450 (2013).

If the state appellate court did not decide a properly-asserted claim on the merits—or if the state court's factual findings are unreasonable under § 2254(d)(2)—then § 2254(d)(1) does not apply, and the federal district court reviews the claim de novo. *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002). In such a case, as in the pre-AEDPA era, a district court can draw from both United States Supreme Court and well as circuit precedent, limited only by the non-retroactivity rule of *Teague v. Lane*, 489 U.S. 288 (1989).

Under de novo review, if the factual findings of the state court are not unreasonable, the Court must apply the presumption of correctness found in § 2254(e)(1) to any facts found by the state courts. *Pirtle*, 313 F.3d at 1167. Contrarily, If a state court factual determination is unreasonable, or if there are no state court factual findings, the federal court is not limited by § 2254(e)(1), but proceeds to a de novo review of the claims, which may include consideration of evidence outside the state court record, subject to the limitations of § 2254(e)(2). *Murray v. Schriro*, 745 F.3d 984, 1000 (9th Cir. 2014).

### 2.     Discussion

Petitioner has organized his claims into six categories with several subclaims, while Respondent has reorganized the same claims into five, according to similar content. For ease of application, the Court follows Respondent's grouping of the claims and subclaims into five categories: (1) Petitioner was denied due process of law when the state district court (a) failed to follow an Idaho Supreme Court case from 1906 that would require the Idaho Commission of Pardons and Parole (ICPP) to credit his parole time to his sentence, (b) failed to follow Idaho Code § 20-233, (c) and erroneously applied Idaho Code § 20-228; (2) Petitioner was denied due process of law when the ICPP failed to inform him in advance that his parole time could be forfeited; (3) the forfeiture of Petitioner's street time violated state law, in particular I.C § 18-309; (4) (a) Petitioner's sentencing order is "unique" and mandates that Petitioner shall not be in custody and/or supervised by the Board of Correction for more than 14 years, precluding any forfeiture of his parole time, and (b) application of I.C. § 20-228 is unconstitutional as applied to Petitioner's unique sentence; and (5) (a) Petitioner's equal protection rights were violated when the ICPP required forfeiture of Petitioner's street time, but did not require other parole violators to forfeit their street time, and (b) it is impossible to apply I.C. § 20-228 to offenders except in a discriminatory fashion that violates equal protection.

#### A.     *Claim One*

Petitioner's first claim is that he was denied due process of law when the state district court failed to follow a 1906 case from the Idaho Supreme Court and credit his "street time" to his prison sentence, instead choosing to follow a modern statute, Idaho

Code § 20-228. The Idaho Court of Appeals classified this claim as a state separation of powers claim. (Dkt. 1-7, p. 7.)

Regardless of this claim's particular classification within state law, the Court agrees with the reasoning of Judge Dale that this is a state-law argument that cannot form the basis of a federal habeas corpus claim. Even if the state courts failed to follow *Ex parte Proust,* 86 P. 275 (Idaho 1906), and Idaho Code § 20-233,[2] relief in federal court is unavailable under 28 U.S.C. § 2254(d)(1). *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Chromiak v. Field*, 406 F.2d 502, 505 (9th Cir. 1969) (federal constitutional doctrine of separation of judicial and executive powers applies only to operation of federal government and is not binding upon the states, and resolution of an issue concerning separation of powers in State Constitution is for state courts to decide).

The Court further agrees that the narrow exception that permits a federal court to review a state law in a federal habeas corpus action does not apply to Plaintiff's case. A federal court may review a state court's interpretation of state law only when the state court's interpretation (1) is "untenable," meaning "incapable of being maintained or

---

[2] Idaho Code § 20-233, entitled, "Final discharge of parolee — Minimum term," provides:

> When any paroled prisoner has performed the obligations of his parole for such time as shall satisfy the commission that his final release is not incompatible with his welfare and that of society, the commission may make the final order of discharge and issue to the paroled prisoner a certificate of discharge; but no such order of discharge shall be made in any case within a period of less than one (1) year after the date of release on parole, except that when the period of the maximum sentence provided by law shall expire at an earlier date, then a final order of discharge must be made and a certificate of discharge issued to the paroled prisoner not later than the date of expiration of said maximum sentence. Oxford English Dictionary online, http://dictionary.oed.com, *untenable* (2d. ed. 1989).

supported," or (2) "amounts to a subterfuge to avoid federal review of a constitutional violation." *Taylor v. Kincheloe*, 920 F.2d 599, 609 (9th Cir. 1990); *see Mullaney v. Wilbur*, 421 U.S. 684, 691 & n.11 (1975).

Judge Dale explained:

> The Idaho Court of Appeals' rejection of Petitioner's claim is not untenable. Rather, Petitioner's reliance on a 1906 Idaho case is foreclosed by the plain language of the statute and modern interpretations of that statute. In *Winter v. State*, 785 P.2d 667 (Idaho Ct. App. 1989), the court explained that I.C. § 20-233 provides only that *if* the term of the sentence "expire[s]" *while* an individual is on parole, the parolee shall be discharged." *Id.* at 670 (emphasis added). The *Winter* Court made clear that I.C. § 20-233 did not "speak[] to the specific issue presented in this case— how the 'maximum sentence' shall be computed, and when it will 'expire,' *if parole has been granted but subsequently revoked*." *Id.* (emphasis added). Rather, the "only statute which speaks to this question is I.C. § 20–228." *Id.*[3] In addition, in *State v. Kaiser*, 696 P.2d 868 (Idaho 1985), the court explained that § 20-233 granted the ICPP authority to grant a final discharge to a person on parole prior to the expiration of the sentence[]," which operates as a pardon granted by the ICPP. Petitioner has shown no entitlement to have his parole time credited to his sentence under Idaho law.

(Dkt. 5, Initial Review Order, pp. 8-9.)

The Idaho Court of Appeals's opinion is well-supported by the current state of Idaho law. In addition, there is no evidence in the record to suggest that the Idaho Court of Appeals selected this particular outcome to evade federal court review. Rather, these are important state issues particularly within the province of the state government to address, given the fact that parole is a creation of state statute and there is no federal constitutional right to parole.

---

[3] *Winter* interpreted an earlier version of I.C. § 20-228, which forbade credit for time spent on parole (in contrast to today's discretionary statute, which provides that a parolee who is "recommitted must serve out the sentence, and the time during which such prisoner was out on parole shall not be deemed a part thereof; unless the commission, in its discretion, shall determine otherwise"). However, I.C. § 20-233 and its interpretation have remained the same.

For these reasons, Petitioner has failed to state a claim upon which relief can be granted with his first claim that forfeiture of his street time violated state law. Petitioner cannot create a federal claim simply by alleging that federal due process principles were violated when the state failed to follow its own laws.

### B.     Claim Two

Petitioner's second claim is that he was denied due process of law when the ICPP failed to inform him in advance that his parole time could be forfeited before requiring forfeiture of his time upon parole revocation. However, a procedural due process claim lies only where there is a liberty interest at stake, as the Idaho Court of Appeals recognized in rejecting Petitioner's claim. (Dkt. 1-7, p. 7.)

There is no "right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners." *See Swarthout v. Cooke,* 131 S.Ct. 859, 862 (2011); *Board of Pardons v. Allen*, 482 U.S. 369, 380-81 (1987). Neither is there any federal liberty interest in not having one's parole time forfeited upon parole revocation.

Because these are not federal rights, an inmate can bring a procedural due process challenge to a parole forfeiture decision only when, under the laws of his state, there is a *state-created* liberty interest in parole. *Swarthout*, 131 S.Ct. at 862. Federal courts must defer to the decisions of the highest state court to determine whether there is a state-created liberty interest in parole arising from state statutes. *Sass v. California Board of Prison Terms*, 461 F.3d 1123, 1127 (9th Cir. 2006) ("a State's highest court is the final

judicial arbiter of the meaning of state statutes").[4] In *Banks v. State of Idaho*, 920 P.2d

905 (Idaho 1996), the Idaho Supreme Court determined that, under the Idaho sentencing

statute, I.C. § 19-2513, specifying that the "offender *may* be considered for parole or

discharge at any time during the indeterminate period of the sentence, in Idaho "parole is

not an automatic right or liberty interest." *Id.* at 908 (emphasis added).

As a result of the *Banks* decision, Petitioner cannot maintain a due process claim

regarding parole forfeiture in a federal habeas corpus action. Because there is no liberty

interest, Petitioner had no due process right to be notified in advance of the possibility of

parole time forfeiture. Petitioner has made no claim that he was not afforded all the

process he was due under the limited rights established in *Morrissey v. Brewer*, 408 U.S.

471, 480 (1972).[5] In addition, he had an adequate opportunity to appeal his parole

revocation. Because there is no liberty interest in time spent on parole, and no United

States Supreme Court precedent supporting Petitioner's claim, Claim Two fails to state a

claim upon which relief can be granted, or, alternatively, it fails under § 2254(d) for lack

of any supporting United States Supreme Court precedent.

---

[4] *Sass* was overruled on other grounds by *Hayward v. Marshall*, 603 F.3d. 546 (9th Cir. 2010) (en banc) (any right to release on parole arose from state law, and did not arise from federal constitution), which itself was overruled by implication in *Swarthout v. Cooke*, 131 S.Ct. 859 (2011) ("No opinion of ours supports converting California's 'some evidence' rule into a substantive federal requirement. The liberty interest at issue here is the interest in receiving parole when the California standards for parole have been met, and the minimum procedures adequate for due-process protection of that interest are those set forth in *Greenholtz* [*v. Inmates of Neb. Penal and Correctional Complex*, 442 U.S. 1, 12 (1979).]").

[5] In *Morrissey v. Brewer*, the Court determined that only "the minimum requirements of due process" are required for parole revocation, which include the following: (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole. *Id.* at 480.

**MEMORANDUM DECISION AND ORDER - 9**

## C.     Claim Three

Claim Three is that the forfeiture of Petitioner's street time violated state law, particularly, that Idaho Code § 18-309 mandates that Petitioner receive credit for the time he has served after judgment was entered. I.C. §18-309 refers to time in physical custody (pre-judgment imprisonment), not parole, as more fully explained under Subsection (D) below.

State law cannot form the basis of a federal habeas corpus claim, and there is no United States Supreme Court precedent requiring the result Petitioner seeks. The exception that would allow the federal court to hear a state statute-based claim does not apply, because the Court of Appeals's decision is not untenable and is not intended to avoid federal review. This claim fails to state a claim upon which relief can be granted.

## D.     Claim Four

Petitioner's fourth claim is that his judgment is "unique" and mandates that the Idaho Department of Correction (IDOC) shall hold him in custody *or* supervise him on parole for no more than 14 years, which he interprets to mean that all of his parole time *must* be credited to his sentence. The judgment provides:

> IT IS THE ORDER OF THIS COURT that the defendant be committed to the custody and supervision of the Idaho State Board of Corrections [sic], for a period not to exceed fourteen (14) years. Defendant shall serve a minimum of seven (7) years in custody and is sentenced to a subsequent indeterminate period of seven (7) years in accordance with Idaho Code Section 19-2513. The precise period of time on the indeterminate portion of said sentence to be determined by other authorities according to law.

(Dkt. 6-1, p. 3; State's Lodging G-1, Exhibit A.)

Idaho Code § 19-2513, part of the state's Unified Sentencing Act, referenced in the judgment, provides:

> Whenever any person is convicted of having committed a felony, the court shall, unless it shall commute the sentence, suspend or withhold judgment and sentence or grant probation, as provided in chapter 26, title 19, Idaho Code, or unless it shall impose the death sentence as provided by law, sentence such offender to the custody of the state board of correction. The court shall specify a minimum period of confinement and may specify a subsequent indeterminate period of custody. The court shall set forth in its judgment and sentence the minimum period of confinement and the subsequent indeterminate period, if any, provided, that the aggregate sentence shall not exceed the maximum provided by law. During a minimum term of confinement, the offender shall not be eligible for parole or discharge or credit or reduction of sentence for good conduct except for meritorious service except as provided in section 20-223(7), Idaho Code. The offender may be considered for parole or discharge at any time during the indeterminate period of the sentence and as provided in section 20-223(7), Idaho Code.

Judge Dale ordered Petitioner to clarify the legal basis of his claim, and, in response, he explained he was bringing a claim that forfeiture of his street time violated his (substantive) due process rights. (Dkt. 6.) It appears that this was one of the claims that Petitioner tried to bring for the first time on appellate review, but the Idaho Court of Appeals refused to hear it, based on an independent and adequate state procedural rule. (Dkt. 1-7, p. 7.) *See Person v. State*, 210 P.3d 561 (Idaho Ct. App. 2009) (issues not raised below may not be considered for the first time on appeal). The Idaho Court of Appeals addressed only a procedural due process claim, not a substantive due process claim.

Assuming for the sake of argument that the Court accepts Petitioner's position that his claim was properly exhausted, then the deferential provisions of AEDPA apply.

Petitioner must show that the state court decision on the merits of his federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

The Court agrees with Judge Dale and Respondent that there is no United States Supreme Court case directly on point that shows a constitutional entitlement to have parole time credited to one's state sentence. In *Roberts v. U.S.*, 320 U.S. 264, 272-73 (1943), the United States Supreme Court rejected a similar challenge in the context of reinstating an original sentence without credit for probation time upon revocation of probation. The Court held that it was constitutional for federal courts to suspend imposition of a sentence pending probation and later impose the original sentence upon revocation of probation under a federal statutory scheme. Petitioner's argument that probation is not the same as parole misses the point—there is no United States Supreme Court precedent governing parole time, and probation is the nearest legal status that had been addressed that can be compared by analogy. This shows that even similar cases do not support Petitioner's claims.

Petitioner's citation to *United States v. Shead*, 568 F.2d 678 (1978), for the principle that "parolees [are] entitled to credit for time spent on parole" from the United States Court of Appeals for the Tenth Circuit, does not aid his argument, because only United States precedent governs in habeas corpus actions, and because *Shead* addresses *federal* parole, which is governed by a completely different statutory scheme.

Accordingly, because there are no United States Supreme Court cases directly supporting Petitioner's legal proposition, he cannot meet the standard of relief set forth in § 2254(d).

Alternatively, treating the claim as one that is procedurally defaulted, the Court concludes that Petitioner has not brought forward sufficient grounds to show that cause exists to excuse the failure to bring the claim, or that Petitioner is "actually innocent" of his parole forfeiture or sentence. In addition, there is no prejudice, because Petitioner's substantive due process claim clearly is without merit. For the same reasons, the claim fails under a de novo review standard.

Petitioner's interpretation of his judgment that narrowly focuses on the word "supervision" and the fact of "legal" custody ignores the remainder of the judgment's language and the statutory context in which the judgment was issued. The judgment itself makes no mention of parole revocation or the crediting or forfeiting of time spent on parole.

The judgment specifically states that it is to be executed in compliance with Idaho Code § 19-2513, the "unified sentence" section of the Unified Sentencing Act, which provides that a judgment must specify a minimum period of confinement and a subsequent indeterminate period, if any. The Unified Sentencing Act also provides that the "offender may be considered for parole or discharge at any time during the indeterminate period of the sentence." The statute says nothing about mandatory parole credits against sentences.  It has been interpreted by the Idaho appellate courts to govern the minimum and maximum period of confinement or incarceration under an Idaho sentence and the discretionary nature of parole grants.

Idaho Code § 20-228 specifically governs "Conditions of parole" including "effect of suspension and arrest." That statute clearly provides that, after a parolee violates parole and suffers revocation, "[s]uch person so recommitted must serve out the sentence, and the time during which such prisoner was out on parole shall not be deemed a part thereof; unless the commission, in its discretion, shall determine otherwise, but nothing herein contained shall prevent the commission from again paroling such prisoners at its discretion." I.C. §20-228.

These statutes are not in conflict with Petitioner's judgment, nor with each other. Rather, they are part of an overall statutory scheme governing imprisonment and parole. The legislature clearly and unambiguously spelled the consequences of parole revocation in I.C. § 20-228. Petitioner cannot simply point to other parts of the statutory scheme that discuss "custody" to invalidate the plain wording of I.C. § 20-228.

The words of a statute are to be interpreted "in their context and with a view to their place in the overall statutory scheme," *Davis v. Mich. Dep't of Treasury*, 489 U.S. 803, 809 (1989). A litigant cannot simply employ a "hypertechnical reading" of a term that he has "examined in isolation," because "statutory language cannot be construed in a vacuum." *Id*. at 809. In interpreting statutes, courts should observe the "cardinal principle of statutory construction that a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant." *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001) (citation and quotes omitted).

Petitioner's reading of the parole statutes would nullify the legislature's clear directive that recommitted parolees "must serve out the sentence, and the time during which such prisoner was out on parole shall not be deemed a part thereof." of I.C. § 20-228. Nothing in Petitioner's judgment indicates that the sentencing court was acting outside the bounds of the Unified Sentencing Act; rather, the court specifically referred to the code section governing terms of imprisonment and the discretionary nature of parole. The Idaho Courts have again and again considered and rejected claims like Petitioner's for the reason that the statutory scheme clearly and unambiguously provides for forfeiture of street time as the rule, and discretionary credit as the exception. Cloaking Petitioner's argument as a "unique" judgment or a federal claim does not net a different result.

Further, Petitioner's references to Idaho Code § 18-309 and *State v. Albertson*, 23 P.3d 797 (Idaho Ct. App. 2001), undercut his argument. It is clear that I.C. § 18-309 refers to time in physical custody (pre-judgment imprisonment): "In computing the term of *imprisonment*, the person against whom the judgment was entered, shall receive credit in the judgment for any period of *incarceration* prior to entry of judgment, if such incarceration was for the offense or an included offense for which the judgment was entered" (emphasis added). The subtitle of this section is "Computation of term of *imprisonment*." I.C. § 18-309 (emphasis added). The Idaho Supreme Court has interpreted this section so narrowly as to exclude even "any period of *confinement s*erved solely as a condition of probation," and has explained that such incarceration periods are "not counted as time served on the suspended sentence if the probation is subsequently revoked." *Albertson*, 23 P.3d at 799 (citing *State v. Banks*, 826 P.2d 1320, 1322 (1992)

(emphasis added)). Petitioner's argument is untenable in light of the statute's plain language and the Idaho Supreme Court's statutory interpretation.

Very simply stated, under the judgment and the Unified Sentencing Act, Petitioner cannot be *imprisoned* for more than 14 years. Parole is not imprisonment. As a general rule, time spent on parole is forfeited. That is the price parolees pay for violating the terms of their parole.

Petitioner's claim is without merit, whether for lack of a showing of prejudice, for lack of a showing of miscarriage of justice, or under a de novo review, because Petitioner's interpretation is unsupported by the context of the judgment language, the statute's language, the entire parole statutory scheme, and Idaho case law. Petitioner's substantive due process rights were not violated by his parole time forfeiture, and habeas corpus relief is unwarranted.

### E.    *Equal Protection*

Claim Five is that the Board of Correction violated the Equal Protection Clause of the Fourteenth Amendment when it granted other offenders credit for "street time" spent on parole, but did not grant Petitioner credit. Petitioner also argues that Idaho Code § 20-228 violates the Equal Protection Clause of the Fourteenth Amendment because it cannot be applied equally to all offenders. (Dkt. 1.)

The law is clearly established that a person in the United States may not be denied a government benefit based on a constitutionally impermissible reason, even though the citizen has no "right" to the benefit. *See Perry v. Sindermann*, 408 U.S. 593, 597 (1972); *cf. Block v. Potter*, 642 F.2d 233, 235 (3d Cir. 1980) (parole board could not use race as a

basis to deny parole, and potential parolees could maintain a federal claim other than a due process claim, despite there being no liberty interest in obtaining parole).  Where an equal protection claim is not centered on discrimination against a class of citizens, it is based on a theory that a person has been irrationally singled out as a class of one. *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000).The United States Supreme Court explained that the "'rational basis' test means that courts will not overturn government action unless the varying treatment of different groups or persons is so unrelated to the achievement of any combination of legitimate purposes that we can only conclude that the [government's] actions were irrational." *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 84 (2000) (internal quotation marks and citation omitted).

The Idaho Court of Appeals applied a rational basis test to Petitioner's challenge because it did not involve a fundamental right or a suspect class (warranting strict scrutiny), nor did it involve gender or illegitimacy (warranting intermediate scrutiny). (Dkt. 1-7, p. 8.) Petitioner's equal protection claim was rejected because he did not allege any facts showing that he was treated differently from other similarly-situated parolees, or showing that the ICPP acted pursuant to a deliberate plan of discrimination based on an arbitrary or unjustified classification. (*Id.*, p. 9.)

Judge Dale gave Petitioner notice that he would not be permitted to bring forward new evidence to support his equal protection claim on federal habeas corpus review. Therefore, he was ordered to clarify whether he previously presented to the state district court a list of 11 parolees whose time was not forfeited during September 2012 revocation hearings.

"[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011). Only in limited circumstances may the state court record be supplemented in federal court, such as: (1) when a state court did not decide a claim on the merits, and the claim is properly before the federal court; (2) when the state court factual determination was unreasonable; (3) when a petitioner wishes to show cause and prejudice in a procedural default setting; or (4) when a petitioner is trying to show actual innocence to overcome a procedural default or statute of limitations issue.

Petitioner has clarified that he made the same *argument* to the Idaho courts, but he has now submitted *evidence* to support his equal protection argument. Petitioner states that he attempted to submit the list of names of other parolees to the Idaho Supreme Court, but the list was rejected. (Dkt. 6, p. 4.) However, litigants are not permitted to submit items to the appellate courts that were not presented to the state district courts, because an appeal is a review of whether the lower court committed error based on the evidentiary record that was before the lower court. *See Person v. State*, 210 P.3d at 563. Because Petitioner did not present any supporting evidence to the state district court, the Idaho Court of Appeals concluded that Petitioner "has not alleged any facts" to show that discrimination occurred. (Dkt. 1-7, pp. 8-9.)

The Court rejects Petitioner's argument that presenting a mere *argument* to the state district court that he was being treated differently from other inmates is the same as presenting a list of inmate names to that court. It is not the same. One is a vague

argument with no evidentiary support, while the other is a specific claim with evidentiary support.

Petitioner has not made any valid argument demonstrating that his claim meets one of the exceptions to the *Pinholster* prohibition on evidentiary development, and none is apparent from a review of the record. Accordingly, Petitioner may not present his new evidence in this case, because he did not first present it to the state district court.

Even if the Court considered Petitioner's evidence, the Court finds that the evidence is not sufficient to support Petitioner's claim. Petitioner has obtained the following information from September 2012 parole revocation hearing public records: (1) "Steven O'Toole, Granted his street time after being convicted of a new charge. Board granted him an 'open date'"; (2) "Tim Charboneau, Absconded, dirty U.A., Board granted to him his street time of 14 months"; (3) "William Nicholson, Absconded, granted his street time and parole date in 120 days"; (4) Clinton Ross, Granted his street time even though he had a new charge"; and (5) "Brian Stark, Granted his street time. discharged." (Dkt. 1, p. 23.) Petitioner lists six other parolees who were granted their street time, and then leaps to the conclusion that, "[c]learly there [are] no type of procedures in place to govern the actions of the board, and those actions are violating the United States Constitution." (*Id.*)

Petitioner has not demonstrated that these parolees were similarly situated to him, other than the fact that they all had parole violations. The decision of whether a convicted

felon with three failed parole attempts and a shockingly long criminal record[6] should be required to serve a period of incarceration equal to his entire indeterminate sentence or whether he should be released sooner by permitting a credit for parole time is part of the very individualized process involved in the parole process, as reflected in the ICPP records Petitioner has submitted. (Dkt. 1-6, pp. 3-4.) Petitioner argues that, because he paid all of his costs of supervision and never absconded, his time should have been credited toward his sentence. This argument does not address other critical factors that the ICPP considers in determining whether, for the benefit of the parolee and society, a parolee should be incarcerated for his entire indeterminate period after failing to complete the terms of his parole. Petitioner has presented no information about how many times these other parolees had violated parole, what their underlying crimes were, what their criminal history showed, or how much time they had left on their sentences.

Further, Petitioner has not included information about other inmates whose "street time" *was* forfeited in September 2012. The Court takes judicial notice of the fact that it receives many habeas corpus cases from former parolees, imprisoned after parole violation and revocation, who are attempting to challenge such forfeitures, and so it is clear that Petitioner is not the only one in his circumstance. Without more, Petitioner's vague listing does not prove that forfeiture is an arbitrary process or that the Equal Protection Clause has been violated under the rational basis standard, which requires that a petitioner show that the challenged action is not rationally related to a government

---

[6] "At sentencing, the district court reviewed the information in Thompson's pre-sentence investigation report (PSI) and stated that, in all his years on the bench, he did not believe that he could 'recall any criminal history which is so pervasive and so active' as Thompson's." (State's Lodging E-3, p. 3.)

purpose. *Federal Communications Commission v. Beach Communications*, 508 U.S. 307, 315 (1993).

Petitioner's other equal protection argument fails for the same reason. Petitioner argues that Idaho Code § 18-309, addressing incarceration time served after judgment (analyzed above), cannot be applied equally to inmates with indeterminate life sentences and inmates with indeterminate term sentences. The statutory language does not support his interpretation, and there is no Idaho case demonstrating that any type of parole or probation is included in the basic calculation of incarceration time. In fact, that section is subtitled, "Computation of term of imprisonment." I.C. §18-309. Petitioner bases his argument on his fallacious idea that parole and imprisonment are one and the same under the Idaho Code, when they are not. Further, parolees who are under an indeterminate life sentence are not similarly situated to parolees who have an indeterminate sentence of years. Obviously, a term-of-years incarceration has a definite end marked by a set number of years, and a life sentence ends only by the prisoner's death.

Petitioner's equal protection claims are subject to denial and dismissal under §2254(d)(1). Petitioner has not shown that the Idaho Court of Appeals's decision rejecting his claims are contrary to, or an unreasonable application of, United States Supreme Court precedent. Neither is Petitioner entitled to relief based upon his additional evidence.

**3.     Conclusion**

Petitioner's claims are meritless. He is not entitled to habeas corpus relief on any of his claims, under any standard of review. Accordingly, the Petition for Writ of Habeas

Corpus (Dkt. 1) will be denied and dismissed with prejudice, and no certificate of appealability will issue.

## ORDER

**IT IS ORDERED:**

1. Respondent's Motion for Extension of Time to File Answer (Dkt. 12) is GRANTED. The Answer filed at Docket No. 13 is considered timely.

2. The Petition for Writ of Habeas Corpus (Dkt. 1) is DENIED and DISMISSED with prejudice.

3. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases. If Petitioner files a timely notice of appeal, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the United States Court of Appeals for the Ninth Circuit. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: January 16, 2015

Edward J. Lodge
United States District Judge